# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

JEFFREY BIGELMAN,

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS LLC,
a foreign limited liability company,

    Defendant,

and

ENHANCED RECOVERY CORPORATION, LLC,
a foreign limited liability company,

    Defendant.

Case No. 20-cv-
Hon.

_____/

DAVID F. ZUPPKE, PLC
David F. Zuppke (P31240)
Attorneys for Plaintiff
25892 Woodward Ave.
Royal Oak, MI 48067
(248) 206-5900
(248) 542-6301 (fax)
david@zuppkelaw.com

_____/

## VERIFIED COMPLAINT AND JURY DEMAND

*There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

Plaintiff complains as follows:

## PRELIMINARY STATEMENT

This action is brought by Jeffrey Bigelman, ("BIGELMAN"), a U.S. citizen domiciled in Michigan, against Comcast Cable Communications LLC, ("COMCAST"), a foreign limited liability company, and its retained collection agency, Enhanced Recovery Corporation, LLC, ("ERC"), for violations of state and federal collection act laws, e.g. Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"), the Michigan Collection Practices Act, and the Michigan Regulation of Collection Practices Act, MCL 445.251 et seq., ("MRCPA"). Other state claims include negligence, violation of the Michigan Collection Practices Act, etc.

## JURISDICTION & VENUE

1. This is an action for damages brought against a purported "creditor" and debt "collection agency" for violating the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"), the Michigan Collection Practices Act, and the Michigan Regulation of Collection Practices Act, MCL 445.251 et seq., ("MRCPA").

2. Jurisdiction in this Court is asserted pursuant to 28 U.S.C. §1391(b)(2), the controversy involves federal questions, and there is complete diversity of citizenship.

## THE PARTIES

3. Plaintiff is a natural person who resides in Highland, Michigan.

4. Plaintiff is a "consumer" as defined by the FDCPA 15 U.S.C. §1692a(3); a "consumer" and "debtor" as defined by MCL 445.251(1)(d).

5. Defendant COMCAST is a Pennsylvania limited liability company, located and doing business primarily at 1701 John F. Kennedy Blvd, Philadelphia, Pennsylvania.

6. Upon information and belief, based upon a review of limited available public information, none of COMCAST'S constituent members are Michigan citizens.

7. Defendant ERC is a foreign corporation, (Delaware and Colorado), located and doing business principally at 8014 Bayberry Rd. Jacksonville, Florida.

8. Upon information and belief, based upon a review of limited available public information, none of ERC'S constituent members are Michigan citizens.

9. Upon information and belief, Defendant does not maintain any license to conduct business as a collection agency in Michigan or California.

10. At all relevant times, Defendants acted through their agents, employees, officers, members, directors, partners.

## FACTS

11. In July 2015, while attempting to refinance the mortgage on his

personal residence, BIGELMAN discovered that his FICO credit score had dropped from 810 to 687 due to COMCAST or its collection agents/agencies submission of false and negative credit information to one or more credit bureaus earlier in 2015.

12. Specifically, COMCAST and/or its collection agents/agencies, (including Diversified Consultants, Inc., and FBCS, Inc., reported that BIGELMAN owed COMCAST the sum of $336.00 for purported cable services in Colorado.

13. 2015, COMCAST retained one or more "collection agencies", including FBCS, Inc., to collect a purported debt for cable services in the state of Colorado that COMCAST wrongly claimed BIGELMAN owed.

14. BIGELMAN immediately informed COMCAST, Diversified Consultants, Inc., and FBCS, Inc., that he disputed the debt and never lived in or received cable services in Colorado.

15. In response, COMCAST admitted that BIGELMAN *did not* owe the purported debt.

16. COMCAST determined the debt to be the result of fraud attributed to a third party and it caused the adverse credit reporting to be deleted from BIGELMAN'S credit reports.

17. COMCAST assured BIGELMAN that it was correcting BIGELMAN'S records internally, and that COMCAST would cease any further collection efforts and "close its file".

18. Contrary to its promises, and despite the fact that COMCAST had actual knowledge that BIGELMAN did not owe a debt to it, COMCAST referred the same account to a different collection agency, Defendant ERC.

19. In so doing, COMCAST falsely informed ERC that BIGELMAN had a delinquent account and debt for personal services, i.e. cable services.

20. COMCAST falsely informed ERC that BIGELMAN had an unpaid, outstanding delinquent debt in the amount of $564.01.

21. COMCAST agreed to pay ERC to collect the purported delinquent debt from BIGELMAN.

22. In that regard, on February 18, 2017, ERC sent BIGELMAN a collection letter threatening to "report" his purported "delinquent account" to "national credit bureaus", *Ex. 1.*

23. On March 8, 2017, Bigelman disputed the debt in writing by sending a dispute letter to ERC and COMCAST by certified mail, *Ex. 2.*

24. On March 17, 2017, COMCAST sent BIGELMAN a letter again admitting that he did not owe the purported debt and again promising to immediately cease all collection activity on the account, *Ex. 3.*

25. Upon information and belief, In May 2020, COMCAST again placed the bogus debt in the hands or ERC for collection.

26. On May 18, 2020, ERC commenced collection activities on behalf of

COMCAST.

27. ERC sent a threatening collection letter knowingly and falsely stating that BIGELMAN owed COMCAST the sum of $564.01.

28. ERC threatened to report the alleged "delinquent account to the national credit bureaus", *Ex. 4.*

## COUNT I – VIOLATION OF FDCPA BY ERC - 15 U.S.C. §1692 ET SEQ.

29. Plaintiff incorporates the foregoing paragraphs.

30. FDCPA 15 U.S.C. §1692 et seq., (the "Act"), was enacted to redress unfair debt collection practices and abuses which contribute to, among other things, invasions of privacy [see FDCPA 15 U.S.C. §1692 "Congressional findings and declaration of purpose"].

31. The "purposes" of the Act are to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses", *Id.*

32. BIGELMAN is a "consumer", ERC is a "debt collector", and the purported delinquent account in the amount of $564.01 is a purported "debt" as the terms are defined by the Act.

33. 15 U.S.C. §1692c(c) requires a debt collector, ERC included, to cease

all communications with a consumer, including BIGELMAN, with only limited exceptions that do not apply here.

34. 15 U.S.C. §1692c prohibits a debt collector, ERC, from engaging in ***any*** harassing, oppressive or abusive conduct in connection with the collection of a debt.

35. 15 U.S.C. §1692e prohibits a debt collector from using ***any*** false, deceptive, or misleading representations or means in connection with the collection of any debt, including specifically, but without limitation, misrepresentations about the character, amount, or legal status of any debt.

36. ERC violated each of the foregoing prohibitions and otherwise violated each of the foregoing provisions of the Act.

37. ERC'S acts and omissions were committed knowingly and intentionally, recklessly, wilfully and wantonly.

38. Pursuant to 15 U.S.C. §1692k, ERC is civilly liable to BIGELMAN in an amount equal to his actual and statutory damages up to $1,000.00, plus the costs of the action, together with a reasonable attorney's fee.

39. ERC'S violations of the law were intentional, knowingly, malicious, committed in bad faith, and intended to harm BIGELMAN.

40. As a direct and proximate result of ERC'S statutory violations, BIGELMAN suffered economic and non-economic damages in excess of

$75,000.00.

WHEREFORE, BIGELMAN seeks entry of a judgment in his favor and against ERC in whatever amount in excess of $75,000.00 the trier of fact deems fair and reasonable compensation, plus, costs, interest, statutory damages and attorney fees.

### COUNT II – VIOLATION BY ERC OF MCL 445.251 Et Seq.

41. BIGELMAN incorporates the foregoing paragraphs.

42. BIGELMAN is a consumer or debtor, as the terms are defined in MCL 445.251.

43. The purported COMCAST debt in this matter constitutes a debt or claim, as the term is defined in MCL 445.251.

44. ERC is either a collection agency or regulated person, as the terms are defined in MCL 445.251.

45. COMCAST is a creditor or principal, as the term is defined in MCL 445.251.

46. ERC violated the following acts prohibited by MCL 445.252:

   a. Communicating with a debtor in a misleading or deceptive manner;

   b. Making one or more inaccurate, misleading, untrue, or deceptive statements or claims in its communication to collect a debt;

   c. Misrepresenting in a communication with Plaintiff, the legal status

       of a legal action being threatened;

    d. Misrepresenting in a communication Plaintiff's legal rights, i.e. that there ***may*** be a judgment of record against him;

    e. Using a harassing, oppressive, or abusive method to collect a debt;

    f. Failing to implement a procedure designed to prevent a violation of the statute by an employee.

47. ERC'S repeated collection acts described above constitute wilful acts, methods and practices in violation of MCL 445.252.

48. BIGELMAN suffered injuries and damages in excess of $75,000.00 as a result of ERC'S statutory violations and harassment of BIGELMAN.

49. Pursuant to MCL 445.257, BIGELMAN is entitled to recover the greater of actual damages or $50.00, and because ERC'S collection methods, acts and practices were knowing and willful violations, a civil fine in favor of Plaintiff, in an amount not less than 3 times the actual damages, or $150.00, whichever is greater, plus reasonable attorney's fees and court costs incurred in connection with the action.

WHEREFORE, Plaintiff seeks entry of a judgment in his favor for actual and statutory damages in whatever amount of money in excess of $75,000.00 the trier of fact deems fair compensation, plus costs and attorney fees.

## COUNT III - ERC
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

50. BIGELMAN incorporates the foregoing paragraphs.

51. ERC is a collection agency as defined by the Michigan Occupational Code MCL 339.901, ("MOC").

52. BIGELMAN is a debtor as the term is defined in the MOC.

53. ERC'S acts in attempting to collect a debt from BIGELMAN violate the MCL 339.915(q) by its failure to implement a procedure designed to prevent a violation by an employee.

54. As a direct and proximate result of ERC'S statutory violation, BIGELMAN suffered injuries and damages in excess of $75,000.00.

WHEREFORE, Plaintiff seeks entry of a judgment in his favor for actual and statutory damages in whatever amount of money in excess of $75,000.00 the trier of fact deems fair compensation, plus costs and attorney fees.

## COUNT IV – ERC and COMCAST NEGLIGENCE

55. BIGELMAN incorporates the foregoing paragraphs.

56. ERC and COMCAST owed BIGELMAN various common law duties that include but are not limited to:

   a. To exercise reasonable care to prevent the dissemination of false and damaging information to third parties;

   b. To refrain from pursing collection of a debt that each knew

10

BIGELMAN did not owe;

c. To take all reasonable action to prevent its own employees and/or automated systems from generating dunning collection letters known to be inaccurate and unfounded;

d. To avoid actions reasonably likely to result in injuries and damages to BIGELMAN;

e. To avoid and refrain from attempting to collecting money from BIGELMAN knowing that he didn't owe COMCAST any debt;

f. As to COMCAST, to take reasonable steps necessary to prevent ERC from continuing to attempt to collect money from BIGELMAN;

g. To supervise its employees and automated systems to insure that collection attempts would not be made with respect to persons, debtors and consumers, including BIGELMAN, who each Defendant has actual knowledge that BIGELMAN does not owe COMCAST or ERC any money;

h. Such other duties that may become known through discovery.

57. ERC and COMCAST breached each of its duties to BIGELMAN.

58. As a direct and proximate result thereof, BIGELMAN suffered economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff seeks entry of a judgment in his favor for actual and statutory damages in whatever amount of money in excess of $75,000.00 the trier of fact deems fair compensation, plus costs and attorney fees.

## COUNT V – DEFAMATION BY COMCAST

59. BIGELMAN incorporates the foregoing paragraphs.

60. Upon information and belief, on or about May 2020, COMCAST informed and communicated to ERC that BIGELMAN was a debtor of COMCAST; that he owed COMCAST $564.01 on a delinquent COMCAST account.

61. Said statements of were knowingly false, wilful, and malicious.

62. Said statements were injurious to BIGELMAN'S reputation.

63. Said statements constitute defamation, libel and slander.

64. Said statements were actionable "per se" and do not require special damages to be pled or proved.

65. Said statements caused BIGELMAN special harm.

66. COMCAST'S statements were uttered or communicated with acknowledge that they were false, or recklessly and without regard to the truth thereof.

67. BIGELMAN suffered economic and noneconomic damages in excess of $75,000.00 as a direct and proximate result of COMCAST'S actions.

WHEREFORE, Plaintiff seeks entry of a judgment in his favor for compensatory damages in excess of $75,000.00, and exemplary damages in excess of $75,000.00, plus costs and attorney fees.

### COUNT VI - MCR 2.605
### INJUNCTIVE RELIEF DECLARATORY JUDGMENT BOTH DEFENDANTS

68. BIGELMAN incorporates the foregoing paragraphs.

69. This case involves an actual legal controversy within this Court's jurisdiction and declaratory relief is necessary and appropriate to guide the parties' future conduct, and in order to preserve legal rights.

70. Pursuant to MCR 2.605, this Court may enter declaratory judgment after "reasonable notice and hearing."

71. Time is of the essence because Defendant ERC has threatened to report and communicate false and damaging information to the national credit bureaus unless BIGELMAN remits payment on an account debt of someone else's fraudulent making.

72. BIGELMAN is genuinely concerned that he will suffer irreparable damage to his financial reputation for the second time as a result of Defendants' refusal to cease and desist with their illegal collection activities.

73. Defendants have engaged in a pattern of harassing BIGELMAN to pay a debt that ERC and COMCAST know is not owed.

74. Unless and until the Court determines that BIGELMAN owes no debt to either Defendant, and that the Defendants must cease and desist from their illegal collection activities towards BIGELMAN, the Defendants have demonstrated that they will continue to harass BIGELMAN over a debt he admittedly does not owe.

75. Unless the Court makes a determination of the legal issues, each of which may be dispositive, the parties will be forced to engage in far more discovery than might otherwise be necessary.

76. Until the parties can fairly gauge their respective rights visa-vis the legal document, each will incur unnecessary expenses and attorney fees.

77. There is an urgency and need for an expedited hearing on this matter to prevent Defendants from carrying out their illegal threat.

WHEREFORE, Plaintiff seeks a declaratory judgment and an expedited hearing, to determine the dispositive legal issues.

### JURY DEMAND

**NOW COMES** the above-named Plaintiff, **JEFFREY BIGELMAN**, by and through his attorney, David F. Zuppke, P.L.C., and hereby demands a trial by jury.

I hereby certify that the statements made in this Verified Complaint are true to the best of my knowledge, information and belief.

*JEFFREY BIGELMAN*

Respectfully submitted,

DAVID F. ZUPPKE, PLC

BY: */s/David F. Zuppke*
DAVID F. ZUPPKE (P31240)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067
(248) 206-5900
(248) 542-6301
david@zuppkelaw.com

Dated: September 21, 2020